## SUPREME COURT.

### FERO agt. VAN EVRA AND OTHERS.

Where the plaintiff brought his action to compel the defendant to . make or acknowledge satisfaction of a mortgage, and the defendant served notice that judgment might be entered as prayed for in the complaint, which was accordingly done,—*held*, on *motion* by the plaintiff, for an order to compel the defendant to execute such satisfaction, that such a motion was unnecessary.

The *judgment* (if correctly entered) contained the proper *order*, and the *mode* of enforcing it was by proceeding under § 285. The defendant should be served personally with a copy of the *judgment*. A *transcript* served on the defendant's attorney, with a personal demand from the defendant was insufficient.

*Montgomery Special Term, February,* 1854. Motion for an order to compel James R. Van Evra to cancel or satisfy a mortgage. An action was commenced requiring such satisfaction, and defended; and after answers defendant withdrew his answer and served a notice that plaintiff might take a judgment as

prayed for in the complaint. Judgment was entered and roll filed, and notice of the entry and filing of the judgment served *on defendant's attorney* two or three days afterward. Defendant and his attorney have been frequently asked for a satisfaction of the mortgage, so that it could be discharged of record, but they have neglected to procure and furnish it, and defendant, who had assigned the bond and mortgage to one Failing, said he had nothing to do with it. No notice of the judgment had been served on the attorney or the defendant, except a certified transcript of a judgment docketed in the Montgomery county clerk's office, on the 25th of March, 1853, in favor of plaintiff and against defendants, for $32,21; showing no other fact, or that a judgment had been entered requiring defendant to make satisfaction of the mortgage, but a notice was endorsed on said transcript, directed to the defendant's attorney, that a satisfaction of the mortgage in controversy "*in this cause*" was required to be made by the defendant, James R. Van Evra, to the plaintiff, so that the same might be cancelled of record.

> GEO. SMITH, *for Plaintiff*.
> MITCHELL & ELY, *for Defendant*.

C. L. ALLEN, Justice. The notice of motion is for a rule or order to compel the defendant, James R. Van Evra, to cancel or satisfy the mortgage referred to in the bill of complaint in this action, of record. The plaintiff, if he has entered up his judgment correctly, pursuant to the stipulation served by the defendant's attorney, has such an order in his judgment roll, and all he has to do is to proceed under § 285 to enforce his judgment. That section provides, that if the judgment requires the performance of any other act, a certified copy of the judgment may be served upon the party against whom it is given, or the person or officer who is required thereby, or by law to obey the same, and his obedience thereto enforced. If he refuse, he may be punished by the court as for a contempt.

The plaintiff should furnish to, and serve on the defendant, Van Evra, a copy of the judgment, not merely the transcript containing the amount of the costs, but a copy of that part of

the judgment requiring him to make or acknowledge satisfaction of the mortgage, and require satisfaction to be acknowledged according to the order. If that is refused, he is then prepared to proceed against him as for a contempt. Here he has only served the attorney with a copy of the transcript of the judgment, with a notice to *them* that satisfaction is required. It is true, he has called upon the defendant *personally* and demanded satisfaction, but this is not sufficient within § 285. A copy of the judgment must be served.

The motion must be denied, with $7 costs.